Hand-Delivered

FILED
CHARLOTTE, NC

NOV 1 4 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| JOHN BARRET | § **COMPLAINT AND DEMAND** |
| *Plaintiff,* | § **FOR TRIAL BY JURY** |
| | § |
| **v.** | § |
| | § |
| DISCOVER BANK, | § |
| | § |
| *Serve*: Zwicker & Associates, P.C. | § |
| P.O. Box 481918 | § |
| Charlotte, NC 28269 | § **CIVIL ACTION NO.** 3:23-cv-767-FDW |
| | § |
| | § |
| EXPERIAN INFORMAITON SYSTEMS, | § |
| | § |
| *Serve*: C T Corporation System | § |
| 160 Mine Lake CT Ste:200 | § **NOTICE** |
| Raleigh, NC 27615 | § **DECLARATION** |
| | § **FOR COUNTER-CLAIM** |
| *Defendants.* | § |

---

## COUNTER-CLAIM

---

### CONSPICUOUS JUDICIAL NOTICE

Federal Question present[ed]… Does the Defendant Discover Bank have Article III standing;

Plaintiff as the consumer in this action does not wave any Constitutional protection including time,

the Constitution for the united State of America 1789, Article VI (ratified 1789), the Bill of rights

all so known as Amendment I, Amendment IV, Amendment 5, Amendment 5, Amendment 6,

Amendment 7, 1791 (ratified 1791), and the North Carolina Constitution 1776, bill of rights, nor

any rule shall not abridge the substantive rights.

## I.     INTRODUCTION

1. This is a civil action for costs, actual, statutory, and punitive damages brought by Plaintiff "John A. Barrett" as a *consumer[1]*, against Defendants Discover Bank and EXPERIAN INFORMATION SOLUTIONS (hereinafter referred to as "EXPERIAN"), for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA"). Specifically, Plaintiff alleges that Discover Bank by and through Zwicker & Associates, P.C., Elliott Fraser and Jason Binette, hereafter referred as "Furnishers" as defined by the FCRA, 15 U.S.C 1681 *et seq* filed a complaint in North Carolina State Court file number 20-CVD-3188 against the Plaintiff "John A. Barrett". John A. Barrett has never had a credit card with Discover Bank, last four digits 1840 as stated in the complaint file number 20-CVD-3188. The Defendants has merged the Plaintiff's credit file and information with another person, Plaintiff believes has the same name, (1) different social security number, (2) different date of birth and (3) different *location information[2]*. Despite many *disputes[3]*, the Defendants have continued to allow the other person's credit information to still appear as the Plaintiff.

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1681(p) and notice of removal 28 U.S.C. 1441(a). The venue in this District is proper whereas the Defendants transacts business in Concord, Cabarrus County, North Carolina, and the conduct complained of occurrence in Concord, Cabarrus County, North Carolina.

---

[1]*The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.*
[2] *The term "location information" means a consumer's place of abode and his telephone number at such place or his place of emplace of employment.*
[3]*Fail to consider all relevant information submitted by the consumer per 1681i(a)(4), the FCRA title 15 enacted by Congress.*

### III. PARTIES

1. "John A. Barrett" as Plaintiff (hereinafter "john") is a natural person residing in Concord, Cabarrus County, North Carolina. John Barrett is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

2. Upon information and belief, the defendant Discover Bank is a (state) entity with a principal place of business located at [502 E. Market Street, Greenwood Delaware 19950].

3. The Defendant is a "furnisher of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

4. The Defendant Discover Bank is a furnisher of information to Experian, "consumer reporting [agencies] that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

5. Experian is an Ohio corporation duly authorized and qualified to do business in the State of North Carolina.

### IV. PRELIMINARY STATEMENT

6. When congress enacted the FCRA in 1970 it mandated that credit reporting agencies (hereinafter referred to as "CRA's") "maintain reasonable procedures to assure maximum possible accuracy of the information" compiled regarding a consumer about whom a consumer report relates.

7. Mixed files are a serious problem in the credit reporting industry according to the Federal Trade Commission consent orders, the term "mixed file" means a consumer report in which some or all the information pertains to a consumer other than the consumer who is subject to that consumer report. Indeed, the Defendant Experian has internal documents concerning

mixed files, including manuals and procedures for identifying mixed files and handling mixed files disputes.

8. Mixed files create a false description of a consumer's credit history. Further, mixed files result in disclosure of a consumer's personal information when the consumer did not apply for credit, employment, housing, or insurance.

9. Mixed files are not a new phenomenon. Consumer reporting agencies have known about mixed files for at least forty (40) years. *See Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509 (5th Cir. 1982). Defendant Experian was aware of the *Thompson* case before plaintiff filed instant lawsuit.

10. Mixed files occur despite consumers' unique personal identifying information, such as social security numbers. CRA's matching logic allows information to be included in a consumer's file even when Social Security Numbers do not match nine out of nine digits.

11. For example, the defendant Experian and Discover Bank have been known to mix files when the when the consumer's names are similar, but Social Security Numbers match seven out of nine digits. *See Apodaca vs. Discover Fin. Servs.*, 417 F.Supp. 2d 1220 (D.N.M. 2006). The Defendants Experian and Discover Bank was aware of the *Apodaca* case before the Plaintiff filed his instant lawsuit.

12. In the mid-1990's, the Federal Trade Commission ("FTC") and various state attorney generals' offices, including Alabama, Arkansas, California, Connecticut, Delaware, Florida, Idaho, Illinois, Louisianna, Michigan, Minnesota, Missouri, Nevada, New Hampshire, New Mexico, New York, Ohio, Pennsylvania, Rhode Island, Texas, Utah, and Washington charged the nationwide consumer reporting agencies with violations of the FCRA. The government enforcement actions required the CRAs to improve their

procedures to prevent mixed files. *See FTC vs. TRW, Inc.*, 784 F.Supp.361 (N.D. Tex 1991) (amended by N.D. Tex. Jan. 14, 1993) (agreed order amending consent order); *TRW, Inc v. Moralas,* CV-3-91-1340-H (N.D. Tex Dec. 10, 1991); *In re Equifax Credit Information Services, Inc.*, (June 22, 1992); *In the Matter of Equifax Credit Information Services, Inc.,* 12 F.T.C. 577 (Aug 14, 1995); *In the Matter of Equifax Credit Information Services, Inc.,* 61 Fed. Reg. 15484 ( April 8, 1996); *and Alabama v. Trans Union, Corp.*, CV-92C 7101 (N.D. Ill. Oct 26, 1992). The CRAs agreed to, *inter alia*, to maintain reasonable procedures to avoid: (i) including a consumer report information identifiable as pertaining to a consumer other than the consumer for whom a permissible purpose exists for obtaining such report; and (ii) displaying files identifiable as pertaining to more than one consumer response to a subscriber request on one consumer. Further, the CRA Defendants agreed to prevent reporting to subscribers that credit information pertains to a particular consumer unless the CRA has identified such information by at least two of the following identifiers: (i) the consumer's name; (ii) the consumer's Social Security Number; (iii) the consumer's date of birth; (iv) the consumer's account number with a subscriber or similar identifier unique to the consumer. For public record information, in the event the public record information does not include at least two of the above-subscribed personal attributes, the CRA Defendants agreed to identify the public record information by the consumer's full name (including middle initial and suffix, if available) together with the consumer's full address.

13. In 2007, Angela Williams sued Equifax in Florida and alleged that it mixed her file with another consumer with a similar name. The jury found favor of Angela Williams and entered a verdict against Equifax for over 2.9 million, including $219,000 in actual

damages and 2.7 million in punitive damages. The Defendant Experian was aware of that judgment before plaintiff filed this complaint.

14. In July of 2013, Ms. Miller sued Equifax in Oregon and alleged that it mixed her file with another consumer who had a different social security number, date of birth, and address. The jury found favor of Ms. Miller and entered a verdict against Equifax for over $18 million, including $180,000 in actual damages and $18.4 million in punitive damages.

## V. FACTS OF THE COMPLAIN

15. On or about [November] Plaintiff noticed a *communication*[4] from Defendant, in connection with collection of an alleged obligation or debt, the initial communication was an "AGREED JUDGMENT" without the *memoranda*[5] using an instrumentality of interstate commerce or the mails.

16. On or about [October] Defendant filed a response to Plaintiff complaint, asserting the alleged obligation or *debt*[6] compelling Arbitration, *requesting information*[7] from the Plaintiff trigging reinvestigation per 15 USC § 1681i(a).

17. On or about [January] Plaintiff notice an additional communication "AGREED JUDGMENT" threatening the use of violence to harm the physical person, reputation or property attempting to coerce[8] the Plaintiff to agree to the alleged obligation or debt by the use of instrumentality of interstate commerce or the mail which the principal purpose is the collection of debts.

---

[4]The term "Communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.
[5]This is an attempt to collect a debt any information shall be used for that purpose, "therefore the purpose is the collection of debt".
[6] The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which is the subject of the transaction are primarily for personal, family, or household purposes whether or not such obligation has been reduced to judgment.
[7]Disputing the alleged obligation or debt, calling in to question the amount, the character, and date account open.
[8] N.C. Stat.§ 75-51. No debt collector shall collect or attempt to collect any debt alleged to be due and owing from a consumer by means id any unfair threat, coercion of attempt to coerce.

18. On or about [date] Plaintiff notice an additional communication "AGREEE JUDGMENT" threatening the use of *violence*[9] to harm the physical person, reputation or property attempting to coerce the Plaintiff to agree to inaccurate or incomplete information reporting at the consumer reporting agency, coercion per NCGS 75§ 51. See Exhibit B1

19. On or about [June] Plaintiff filed a complaint with Consumer Financial Protection Bureau electronically case #230605-1124677 request for information disputing the amount [12,448.44] completeness or *accuracy*[10] per 15 USC 1681i(a) triggering the reinvestigation requirement.

    A. On or about [June 16, 2023] the CFO for Discover Card stated the open date was October 11, 2006

    B. Date of delinquency August 22, 2019

20. On or about [date] Plaintiff mailed a request for information disputing the amount [12,448.44] completeness or accuracy per 15 USC 1681i(a) to the Credit Reporting Agency [Experian] as defined 15 USC 1681a(p) triggering the reinvestigation requirement.

21. On or about [date] Plaintiff notice a communication from [Experian] stating the reinvestigation results were verified.

    A. Verified date of open

    B. Verified date of delinquency

22. On or about [date] Plaintiff mailed a request for information disputing the amount [12,448.44] completeness or accuracy pre 15 U.S.C. 1681i(a) to the Credit Reporting Agency [Experian] as defined 15 USC 1681a(p) trigging the reinvestigation requirement.

---

[9]*Unjust, unwarranted, or unlawful display of force, esp such as tends to overawe or intimidate.*
[10]

23. On or about [date] Plaintiff notice a communication from [Experian] stating that the reinvestigation results were verified.

    A.  Verified date of open

    B.  Verified date of delinquency

24. The Defendant has not presented original account level documentation or presented documentation per rule 106 Federal rule of Civil Procedure the completion doctrine, Defendant shall provide all documentation in connection with the alleged debt not just part.

25. The Defendant continues with the threating use of violence to harm the physical person, reputation, or property of the Plaintiff or other criminal means.

26. Upon belief and information, the Defendant has no firsthand knowledge, therefore briefs from Defendant or statements cannot be used as testimony to any facts in this action, cannot be a witness per rule 603 of Federal Ruld of Evidence.

27. Upon belief and information, the Defendant [Discover Bank] is a self-regulatory organization as defined in section 3(a)(26) of the Securities Exchange Act of 1934, established under title I of the Sarbanes-Oxley Act of 2002.

28. Upon belief and information, the Defendant did not use its own resources to claim harm or injury as required, a direct harm or injury for Article III standing.

## VI.    FIRST CLAIM FOR RELIEF

### WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681e(b)15 U.S.C. § 1681e(b)

*Plaintiff v. Experian & Discover Bank*

29. Plaintiff incorporates as if fully set out herein all the proceeding paragraphs.

30. Experian is liable to Plaintiff for willfully and negligently failing to comply with the Fair

Credit Reporting Act 15 U.S.C. § 1681 e(b).

31. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit report and credit file they published and maintained concerning Plaintiff.

32. Pursuant to 15 U.S.C. § 1681o of the fair Credit Reporting Act, the Defendants' actions in negligently violating the Fair Credit Reporting Act entitle the plaintiff to recovery of his actual damages as well as cost for litigation.

33. In addition, the CRA Defendant's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of his actual damages, punitive damages, costs, pursuant to 15 U.S.C. § 1681n.

34. Experian's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

35. Experian is liable to the plaintiff for the full amount of statutory, actual, and punitive damages, plus costs.

36. Plaintiff seeks judgment in his favor against the Experian based on the following relief requested: (a) Actual damages; (b) Statutory damages; (c) Punitive damages; (d) Costs; and (e) Such other and further relief as may be necessary, just, and proper.

## VII.    SECOND CLAIM FOR RELIEF

### WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681i

*Plaintiff v. Defendant Experian*

37. Plaintiff incorporates as if fully set out herein all the proceeding paragraphs.

38. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to the furnisher of the inaccurate information; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relaying upon verification from a source it had reason to know is unreliable.

39. Experian's conduct was a substantial factor in directly and proximately causing Plaintiff injuries and damages as outlined above.

40. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Report Act, Experian's action in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as costs.

41. In addition, Experian's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of his actual damages, punitive damages, and costs, pursuant to 15 U.S.C. § 1681n.

42. Plaintiff seeks judgment in his favor against Experian based on the following relief requested: (a) Actual damages; (b) Statutory damages; (c) Punitive damages; (d) Costs; and (e) Such other and further relief as may be necessary, just, and proper.

## VIII.   THIRD CLAIM FOR RELIEF

## WILLFUL AND/OR NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681s-2(b)

### Plaintiff v. Defendant Discover Bank

43. Plaintiff incorporates as if fully set out herein all the proceeding paragraphs.

44. Defendant Discover Bank failed to perform any or a reasonable reinvestigation of the

Plaintiff's above referenced disputes and "verified" to Experian that the Discover Bank account should continue to appear in the Plaintiff's credit files.

45. Defendant Discover Bank's actions set forth above constitute negligent and/or willful violations of the Fair Credit Reporting Act. 15 U.S.C. § 1681s-2(b).

46. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, Defendant Discover Bank actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual as well as litigation costs.

47. In addition, Defendant Discover Bank's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of his actual damages, punitive damages, litigation costs, pursuant to 15 U.S.C. § 1681n.

## IX. DEMAND JURY TRIAL AND PRAYER FOR RELIEF

*WHEREFORE*, JOHN BARRET as Plaintiff respectfully requests a trial by jury as to all issues so triable.

Date: November 14, 2023

Respectfully submitted,

**Per 28 USC § 1746(1)[11]**

---

[11] "any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing, a person making any statements, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him/her, as true under penalty of perjury, and dated, in substantially the following form:" john barrett (hereafter I, I am) declares under penalty of perjury under the laws of the United States of America: I am making a solemn oath affirm, swear, or acknowledge to the Creator that created man in his image and likeness [Genesis 1:26] the foregoing is true, correct and complete to the best of my firsthand knowledge. I am an "Heir" per the Preamble for the united State of America (We the People) Executed on this the **14th** day **November**, in the year of our **Creator and Savior, two thousand twenty-three**, so be it.

# Certificate of Service

I certify that I have served a true and correct copy of this response to the address below, by United State Postal Service first class mail prepaid postage.

Documents Attached:

**Notice Declaration for Removal to Federal Court**, 4 pages, Exhibit A1 thru A188 pages 188, non-verified statements, and Notice Declaration for counter claim, 12 pages, Exhibit B1, coercion, 1 page.

Sent to:

Jason Binette, ESQ. Bar #36626 & Elliott Fraser, ESQ. Bar #55820 & K. Saanval Amin ESQ Bar #51715 & Stratton L. Stone, ESQ # 53626

Zwicker & Associates, P.C.

P.O. Box 481918, Charlotte, North Carolina [28269]

Executed on this the **14th** day **November**, in the year of our Creator and Savior, **two thousand twenty-three**, so be it.

····························································

john barrett:

374 Dayvault st,

# Certificate of Service

I certify that I have served a true and correct copy of this response to the address below, by United State Postal Service first class mail prepaid postage.

Documents Attached:

**Notice Declaration for Removal to Federal Court**, 4 pages, Exhibit A1 thru A188 pages 188, non-verified statements, and Notice Declaration for counter claim, 12 pages, Exhibit B1, coercion, 1 page.

Sent to:

Jason Binette, ESQ. Bar #36626 & Elliott Fraser, ESQ. Bar #55820 & K. Saanval Amin ESQ Bar #51715 & Stratton L. Stone, ESQ # 53626

Zwicker & Associates, P.C.

P.O. Box 481918, Charlotte, North Carolina [28269]

Executed on this the **14th** day **November**, in the year of our Creator and Savior, **two thousand twenty-three**, so be it.

............................................................

john barrett:

374 Dayvault st,

Concord, North Carolina [28025]

Phone:772. 924. 6912: email; consumer.pfh@gmail.com