UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00767-FDW-DCK

| | | |
|---|---|---|
| DISCOVER BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN A BARRETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Remand, (Doc. No. 4). This matter has been fully briefed, (Doc. Nos. 4-3, 10, 14), and is ripe for ruling. For the reasons set forth below, Plaintiff's Motion is GRANTED, and this matter is REMANDED. All other motions in this matter, (Doc. Nos. 11, 16, 17, 23, 26), are DENIED AS MOOT.

Plaintiff initially filed this action in the District Court for Cabarrus County on October 6, 2020, asserting a breach of contract claim against Defendant for Defendant's failure to pay $12,488.81 under a credit card agreement. (Doc. No. 1-1, p. 65.) Plaintiff served Defendant with that lawsuit on November 17, 2021, (Id. p. 51), and after Defendant failed to respond, Plaintiff moved for entry of default and default judgment on November 22, 2022. (Id. p. 47.) Defendant subsequently appeared on December 2, 2022, and responded in opposition to the motion for default and default judgment. (Id. p. 41.) Litigation in that case proceeded with both parties filing multiple pleadings, (Doc. Nos. 1-1, pp. 3, 23, 36, 41). On August 24, 2023, Plaintiff moved for summary judgment, Defendant responded in opposition on September 5, 2023, and the court set a hearing on the motion for November 16, 2023. (Doc. No. 1-1, pp. 3, 8; Doc. No. 4-1, p. 1.) On November 14, 2023, Defendant removed that action to this Court asserting "original jurisdiction over the

1

plaintiff's claims under 28 U.S.C. § 1331" because it involved a "Federal Question" for "violation of a strict liability statue [sic] Fair Debt Collection Practices Act & non-strict liability statue [sic] the Fair Credit Reporting Act."  (Doc. No. 1, pp. 2-3.)  Defendant's Notice of Removal also indicated he "was not served personally with the summons and complaint on [29-day November 2022] and has not filed any responsive pleadings or motions in the state court, nor has it taken any actions that would constitute a waiver of any constructional protected rights to remove this action to federal court." (Doc. No. 1, p. 2; alterations in original.)  Plaintiff now asks this Court to remand this action to the Cabarrus County District Court and argues Defendant's Notice of Removal was both defective and untimely.[1]  (Doc. No. 4).

Under 28 U.S.C. § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446 (b)(1).  In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] Plaintiff does not raise any argument challenging whether venue is proper in the Western District of North Carolina despite the fact that Cabarrus County is located in the Middle District of North Carolina.  See 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); Polizzi v. Cowles Mags., Inc., 345 U.S. 663, 666, (1953) (recognizing venue to be the Southern District of Florida because it is the district embracing Dade County, the place where the action was pending).  In light of the Court's ruling below to remand the case due to procedural and substantive defects in removal here, the Court need not consider whether venue is appropriate.

"[I]t is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815 (4th Cir. 2004). "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." Columbia Gas Transmission Corp. v. Drain, 237 F.3d 366, 369–70 (4th Cir. 2001). It is well settled law that "A defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)). "Because removal jurisdiction raises significant federalism concerns, the Court must strictly construe removal jurisdiction . . . If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted); see also Dixon, 369 F.3d at 816.

Plaintiff contends Defendant's removal fails *procedurally* because Defendant failed to timely remove this action and, in any event, waived the ability to do so because he substantially participated in the state court proceedings prior to filing the notice of removal. Plaintiff also argues Defendant's removal fails *substantively* because Defendant has not shown how this Court has subject matter jurisdiction over the Complaint. The Court agrees and concludes that Defendant's removal is both procedurally and substantively defective and remand is appropriate.

"Both the 30-day removal deadline and the waiver doctrine require that a party defending claims filed against it make a timely choice, either to defend the case in state court or to remove promptly to a federal forum." Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC, 865 F.3d 181, 188 (4th Cir. 2017). In that case, the Fourth Circuit explained:

> After a case becomes removable, a party may waive its right to removal by demonstrating a clear and unequivocal intent to remain in state court. A defendant

3

demonstrates this intent by engaging in substantial defensive action in state court before filing a notice of removal. However, a finding of waiver is appropriate only in extreme situations, when judicial economy, fairness, and comity demand it.

Id. at 186 (cleaned up). The Fourth Circuit affirmed the district court's granting of the motion to remand because the "request for removal was both untimely and waived by [the] litigation conduct in the state court." Id. at 188-89. The record in that case indicated the removing party waited six months after receiving an amended pleading and after it appeared the case would soon proceed to trial. Id. at 187.

Here, the notice of removal—filed nearly a year after Plaintiff served Defendant with the complaint—is well beyond the thirty-day deadline required under Section 1446(b)(3) and untimely. In addition, the procedural history of the state court case, much of which Defendant included in his notice of removal, demonstrates that he engaged in significant litigation in the state court for nearly twelve months and therefore waived any right to remove this case. Defendant actively engaged in defensive litigation in state court by filing an answer, a motion to compel arbitration and motion to dismiss, and a response to Plaintiff's motion for summary judgment. The record unequivocally indicates Defendant—on multiple occasions over the course of a year—sought substantive rulings from the state court before filing the notice of removal. Accordingly, the Court concludes this is one of the "extreme situations" when "judicial economy, fairness, and comity" counsel a finding of waiver. Id. at 186. For these reasons, Defendant's notice of removal was both untimely and waived, and remand is appropriate.

Even if Defendant's removal was properly before the Court, remand is appropriate. Defendant has failed to sufficiently demonstrate the complaint presents a federal question over which this Court has subject matter jurisdiction. On its face, the complaint alleges a breach of contract claim under North Carolina as the sole cause of action and does not present any question

4

arising under federal law. To some extent, it appears Defendant argues Plaintiff's state law claim to recover under a credit card agreement raises federal-law questions under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. It is true that "a case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law,'" Merrell Dow, 478 U.S. at 808, (quoting Franchise Tax Bd. v. Const. Laborers Vac. Trust, 463 U.S. 1, 9 (1983)), but "only [if] . . . the plaintiff's right to relief necessarily depends on a substantial question of federal law," Franchise Tax Bd., 463 U.S. at 28. Here, Defendant has not sufficiently demonstrated the federal statutes upon which he relies are *necessarily* applicable to Plaintiff's breach of contract claim. Accordingly, Defendant's arguments are insufficient to confer federal question jurisdiction under this record. Merrell Dow, 478 U.S. at 813 (recognizing the "mere presence of a federal issue in a state cause of action" is not enough to confer jurisdiction). Finally, the complaint on its face indicates this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction, particularly where the sole claim seeks recovery of a sum certain that is significantly below the $75,000 threshold required for federal court. Remand is therefore appropriate.

Since filing of the Notice of Removal, Defendant has attempted to assert counterclaims and crossclaims against additional parties in this action. There are multiple pending motions related to these claims and parties. The Supreme Court has instructed:

> The order to remand can be made at any time during the pendency of the cause when it shall appear there is no jurisdiction. The fact that [a party] had filed his answer in the United States court is a matter of no importance. That fact did not of itself confer jurisdiction if there had been none before. It will be for the state court, when the case gets back there, to determine what shall be done with pleadings filed and testimony taken during the pendency of the suit in the other jurisdiction.

Ayres v. Wiswall, 112 U.S. 187, 189–91 (1884); see also Metro. Cas. Ins. Co. v. Stevens, 312 U.S. 563, 569 (1941) (recognizing that were the court orders remand, it is for the state court to determine

the effect of filings in the federal court case prior to remand). In light remand, the Court will DENY AS MOOT these motions and leave for the state court to determine, on remand, "what shall be done" with the filings that have been made in this Court. <u>Ayres</u>, 112 U.S. at 189.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand, (Doc. No. 4), is GRANTED, and this matter shall be remanded to the District Court of Cabarrus County, North Carolina.

**IT IS FURTHER ORDERED** that all other pending motions, (Doc. No. 11, 16, 17, 23, 26), are DENIED AS MOOT.

**IT IS SO ORDERED.**

Signed: May 14, 2024

Frank D. Whitney
United States District Judge

6